IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NORTHWEST HOME CARE, INC., individually and on behalf of all others similarly situated, ) ) ) ) | |
| Plaintiff, ) ) | Case No. 15-cv-9382 |
| v. ) ) | **JURY TRIAL DEMANDED** |
| DATA SOFT LOGIC CORPORATION, a California corporation, ) ) ) ) | |
| Defendant. ) | |

**CLASS ACTION COMPLAINT**

Plaintiff Northwest Home Care, Inc. ("Plaintiff") brings this Class Action Complaint against Defendant Data Soft Logic Corporation ("Data Soft"), on behalf of itself and all others similarly situated, and complains and alleges upon personal knowledge as to itself and its own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by its attorneys.

I. NATURE OF THE ACTION

1. Data Soft "is a creator of web-based software" that has provided its products and services to "home health, hospice and therapy agencies for over 10 years."[1] Among its offerings, Data Soft provides data migration and training. In an effort to market its products and services, Data Soft sent unsolicited junk faxes in bulk—fax blasts—to unwilling recipients with deficient opt-out notices. Fax advertising shifts the cost of the marketing promotion from the marketer—

---

[1] Data Soft, Our Company, http://datasoftlogic.com/our-company (last visited Oct. 16, 2015).

the sender of the fax—to the unwilling recipient, and is expressly prohibited by the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

2. Data Soft did not obtain prior express permission or invitation from Plaintiff and the Class members to send them faxes.

3. Neither Plaintiff nor the other Class members ever consented, authorized, desired or permitted Data Soft to send them faxes.

4. In order to redress these injuries, Plaintiff seeks an injunction requiring Data Soft to cease all unsolicited faxing and deficient opt-out notice activities, an award of statutory damages to the Class members under the TCPA, and an award of actual damages for common law conversion, together with costs and attorneys' fees.

## II. JURISDICTION AND VENUE

*Subject Matter Jurisdiction*

5. This Court has original jurisdiction over Counts I and II, pursuant to 28 U.S.C. § 1331, because they arise under the laws of the United States.

6. The Court has supplemental jurisdiction over Count III, pursuant to 28 U.S.C. § 1367, because Data Soft's conduct forms part of the same case or controversy as to Counts I and II.

*Personal Jurisdiction*

7. This Court has personal jurisdiction over Data Soft, pursuant to the Illinois long-arm statute, 735 ILCS 5/2-209, because a substantial portion of the wrongdoing alleged in this Complaint took place in or was directed toward the State of Illinois. Data Soft, by sending junk faxes in bulk into this State soliciting business, have sufficient contacts in this State to render the exercise of jurisdiction by this Court permissible.

*Venue*

8.  Venue is proper in this District, pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to the claims occurred in this District.

### III.  PARTIES

*Plaintiff*

9.  Plaintiff is a corporation organized in and existing under the laws of the State of Illinois with its principal place of business located in Cook County, Illinois.

*Defendant*

10.  Data Soft is a corporation organized in and existing under the laws of the State of California with its principal place of business located at 16037 Sherman Way, Van Nuys, California, 91406.

11.  Data Soft maintains a registered agent at: Joseph M. Ferrante, 131 North El Molino Avenue, Suite 300, Pasadena, California, 91101.

### IV.  FACTUAL BACKGROUND

*Data Soft's Faxes Promote Products And Services*

12.  On or about August 10, 2015, Plaintiff received the unsolicited fax advertisement attached as Exhibit A.

13.  Data Soft's fax advertises a purportedly free data migration service.

14.  The fax further promotes Data Soft's products by claiming for example that Data Soft is ready for ICD-10[2] with "New Features Included" in Data Soft's products and "Never Any Hidden Costs."

---

[2] ICD-10 is a diagnostic coding system implemented by the World Health Organization.

15. Data Soft's fax also contains the following website address that Data Soft encourages recipients of its faxes to visit: "www.datasoftlogic.com" (the "Website").

16. On the Website, Data Soft advertises and promotes commercially available products and services.

17. While Data Soft purports that the data migration service advertised in its fax is free, Data Soft uses that "free" service as pretext to promote commercially available products and services on its Website.

18. For example, Data Soft expressly states that "after [its] specialists migrate your data you can begin enjoying the benefits of" Home Health Center.



19. Upon clicking on the "Learn More" link shown above, recipients of Data Soft's faxes are redirected to the webpage: "http://datasoftlogic.com/solutions/home-health-centre."

20. Home Health Center is a "complete home health web-based software solution . . . for . . . Home Health organization."[3]

21. Home Health Center is not a free product or service.

22. Data Soft promotes and offers Home Health Center.

23. Accordingly, Data Soft uses its faxes as pretext in two ways.

24. First, Data Soft uses its faxes to promote various products and services on its Website.

25. Second, Data Soft uses the migration service advertised in its faxes to promote Home Health Center.

26. Data Soft receives a commercial benefit from the promotion and sale of the products and services advertised on the Website.

27. Data Soft's products or services were advertised in the fax, and Data Soft derived economic benefit from the transmission of the faxes.

28. Data Soft sent the faxes and/or is responsible, as a matter of law, for the actions of the individuals who sent the faxes.

*Data Soft's Faxes Lack The Requisite Opt-Out Notice*

29. The Seventh Circuit has held that "[e]ven when the [TCPA] permits fax ads—as it does to persons who have consented to receive them, or to those who have established business relations with the sender—the fax must tell the recipient how to stop receiving future messages." *Ira Holtzman, C.P.A. v. Turza*, 728 F.3d 682, 683 (7th Cir. 2013), *reh'g denied (Sept. 24, 2013), cert. denied sub nom. Turza v. Holtzman*, 134 S. Ct. 1318 (2014).

---

[3] Data Soft, Solutions, Home Health Center, http://datasoftlogic.com/solutions/home-health-centre (last visited Oct. 16, 2015).

30. The Federal Communications Commission issued a regulation requiring senders of fax advertisements to include opt-out notices that comply with 47 U.S.C. § 227(b)(2)(D), even for fax advertisements sent with prior express invitation or permission of the recipient. 47 C.F.R. § 64.1200(a)(4)(iv)

31. The opt-out notice in Data Soft's fax reads: "This is a fax advertisement for Data Soft logic, Inc. to opt out of receiving future faxes please call us toll free at 866.430.0263, fax us at 626.921.5032, or contact us online at www.datasoftlogic.com".

32. Data Soft's faxes do not satisfy all of the opt-out notice requirements under § 227(b)(2)(D).

33. For example, the opt-out notice does not state that failure to comply with an opt-out request within the shortest time is unlawful as requires by § 227(b)(2)(D)(ii).

34. Thus, even if Plaintiff and Class Two, as defined below, provided prior express invitation or permission for Data Soft to transmit the fax advertisements or had an established business relationship with Data Soft, Data Soft's conduct violates the TCPA because it failed to include proper opt-out notices.

*Data Soft's Faxes Were Part Of Fax Blasts*

35. Data Soft's faxes are uniform and not specifically addressed to a particular recipient.

36. Under the TCPA, an "established business relationship" is a defense that Data Soft must prove,[4] but Data Soft did not have an established business relationship with Plaintiff or any other member of the Class prior to sending fax advertisements.

---

[4] *See CE Design, Ltd. v. Prism Bus. Media, Inc.*, 606 F.3d 443, 451 (7th Cir. 2010) (discussing the applicability of the "EBR defense").

37. Data Soft does not have a record showing an established business relationship with Plaintiff or other members of the Class.

38. Under the TCPA, prior express invitation or permission is a defense that Data Soft must prove,[5] but Data Soft did not obtain prior express invitation or permission from Plaintiff or the Class to be sent fax advertisements.

39. Data Soft does not have a record showing that Data Soft obtained prior express invitation or permission from Plaintiff or the Class.

40. On information and belief, the fax attached as Exhibit A was transmitted as part of mass broadcastings, or "blasts," of faxes.

41. There is no reasonable means by which Plaintiff and Class members can avoid receiving unsolicited and unlawful faxes.

42. Accordingly, Data Soft sent fax advertisements to Plaintiff and the Class as a part of fax blasts without prior express invitation or permission and without an established business relationship.

## V.  CLASS ALLEGATIONS

43. Plaintiff brings Counts I and III, as set forth below, on behalf of itself and as a class action pursuant to the provisions of Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure on behalf of a class defined as:

> **Unsolicited Fax Class ("Class One")**
> All individuals or entities in the United States who were sent one or more unsolicited facsimile advertisements from or on behalf of Data Soft Logic Corporation.

---

[5] *See CE Design Ltd. v. King Architectural Metals, Inc.*, 637 F.3d 721, 725 (7th Cir. 2011) (considering whether the "defense [] of consent to be faxed ads" applies).

Excluded from Class One are Data Soft and its subsidiaries and affiliates; all persons who make a timely election to be excluded from Class One; governmental entities; and the judge to whom this case is assigned and any immediate family members thereof.

44. Plaintiff brings Counts II and III, as set forth below, on behalf of itself and as a class action pursuant to the provisions of Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure on behalf of a class defined as:

> **Opt-out Notice Class ("Class Two")**
> All individuals or entities in the United States who were sent one or more facsimile advertisements from or on behalf of Data Soft Logic Corporation with opt-out notices that do not comply with 47 U.S.C. § 227(b)(2)(D).

Excluded from Class Two are Data Soft and their subsidiaries and affiliates; all persons who make a timely election to be excluded from Class Two; governmental entities; and the judge to whom this case is assigned and any immediate family members thereof.

45. "Class members" or "the Class" refer to both Class One and Class Two, unless otherwise stated.

46. Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of its claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

47. **Numerosity – Federal Rule of Civil Procedure 23(a)(1).** The members of the Class are so numerous that individual joinder of all Class members is impracticable. On information and belief, there are thousands of consumers and recipients who have been damaged by Data Soft's wrongful conduct as alleged herein. The precise number of Class members and their addresses is presently unknown to Plaintiff, but may be ascertained from Data Soft's books and records. Class members may be notified of the pendency of this action by recognized, Court-

approved notice dissemination methods, which may include U.S. mail, electronic mail, Internet posting, and/or published notice.

48. **Commonality and Predominance – Federal Rule of Civil Procedure 23(a)(2) and 23(b)(3).** This action involves common questions of law and facts, which predominate over any questions affecting individual Class members, including, without limitation:

   a. whether Data Soft engaged in a pattern of sending unsolicited fax advertisements as alleged herein;

   b. the manner in which Data Soft compiled or obtained their list of fax numbers;

   c. whether Data Soft's faxes constitute advertisements under the TCPA;

   d. whether Data Soft's faxes lacked the requisite opt-out notices;

   e. whether Plaintiff and the Class are entitled to actual, statutory, or other form of damages, and other monetary relief and, in what amount(s);

   f. whether Plaintiff and the Class are entitled to treble damages based on the willfulness of Data Soft's conduct; and

   g. whether Plaintiff and the Class are entitled to equitable relief, including but not limited to injunctive relief and restitution.

49. **Typicality – Federal Rule of Civil Procedure 23(a)(3).** Plaintiff's claims are typical of the other Class members' claims because, among other things, all Class members were comparably injured through the uniform prohibited conduct described above.

50. **Adequacy of Representation – Federal Rule of Civil Procedure 23(a)(4).** Plaintiff is an adequate representative of the Class because its interests do not conflict with the interests of the other Class members it seeks to represent; it has retained counsel competent and experienced in complex commercial and class action litigation; and Plaintiff intends to prosecute this action vigorously. The interests of the Class members will be fairly and adequately protected by the Plaintiff and its counsel.

51. **Declaratory and Injunctive Relief – Federal Rule of Civil Procedure 23(b)(2).** Data Soft has acted or refused to act on grounds generally applicable to Plaintiff and the other Class members, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to the Class as a whole.

52. **Superiority – Federal Rule of Civil Procedure 23(b)(3).** A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiff and the other Class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against Data Soft, so it would be impracticable for Class members to individually seek redress for Data Soft's wrongful conduct. Even if Class members could afford individual litigation, the court system could not. Individualized litigation creates a potential for inconsistent or contradictory judgments, and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

## VI.   CLAIMS ALLEGED

### COUNT I
### Violation of the TCPA, 47 U.S.C. § 227
### (On Behalf of Class One)

53. Plaintiff incorporates by reference paragraphs 1-52 as if fully set forth herein.

54. Data Soft and/or its agents used a telephone facsimile machine, computer or other device to send unsolicited advertisements to a telephone facsimile machine, in violation of the TCPA, 47 U.S.C. § 227(b)(l)(C).

55. On information and belief, these unsolicited advertisements were transmitted *en masse* without the prior express consent of Plaintiff and Class One.

56. As a result of Data Soft's unlawful conduct, Plaintiff and Class One suffered actual damages and, under Section 227(b)(3), are entitled to recover for actual monetary loss from such a violation, or to receive at least $500 in damages for each such violation, whichever is greater, or both such actions.

## COUNT II
### Insufficient Opt-out Notices in Violation of the TCPA, 47 U.S.C. § 227(b)(2)(D)
### (On Behalf Of Class Two)
### (In The Alterative To Count I)

57. Plaintiff incorporates by reference paragraphs 1-52 as if fully set forth herein.

58. Under the TCPA and its corresponding regulations, faxes sent with prior express invitation or permission or based on an established business relationship "must include an opt-out notice that complies with the requirements [of 47 U.S.C. § 227(b)(2)(D) and 47 C.F.R. § 64.1200(a)(4)(iii)]." 47 C.F.R. § 64.1200(a)(4)(iv).

59. In the alternative to Count I, Data Soft's faxes violate the TCPA, even if sent with prior express invitation or permission or an established business relationship, because the faxes fail to satisfy all of the opt-out notice requirements under § 227(b)(2)(D) and 47 C.F.R. § 64.1200(a)(4)(iii). Namely, opt-out notices do not state that the sender's failure to comply with an opt-out request within the shortest time reasonable is unlawful, as required by § 227(b)(2)(D)(ii).

60. As a result of Data Soft's unlawful conduct, Plaintiff and Class Two suffered actual damages and, under Section 227(b)(3), are entitled to recover for actual monetary loss from such violations, or to receive at least $500 in damages for each such violation, whichever is greater, or both such actions.

## **COUNT III**
**Conversion**
**(On Behalf Of Class One Or, In The Alternative, Class Two)**

61. Plaintiff incorporates by reference paragraphs 1-52 as if fully set forth herein.

62. By sending unsolicited faxes to Plaintiff and the other Class members, Data Soft converted to its own use Plaintiff's and the other Class One members' paper, ink or toner, and the their fax machines components.

63. When Plaintiff's and the other Class members' fax machines printed the unsolicited faxes, their fax machine's components, ink or toner, and paper were used.

64. This loss of use constitutes an asset of economic value paid for by Plaintiff and the other Class members when they acquired their fax machines and its ink or toner.

65. Immediately prior to the sending of the unsolicited faxes, Plaintiff and the Class members owned and had an unqualified and immediate right to the possession of the paper, ink or toner, and the components of the fax machines used to print the faxes.

66. By sending the unsolicited faxes, Data Soft appropriated to its own use the paper and ink or toner used to print the faxes and used them in such manner as to make them unusable.

67. Furthermore, Plaintiff's and the Class' fax machine components suffered wear and tear when they were appropriated by Data Soft to print its unsolicited faxes.

68. Such appropriation was wrongful and without authorization.

69. Data Soft knew or should have known that such appropriation of the paper, ink or toner, and fax machine components was wrongful and without authorization.

70. Plaintiff and the other Class members were deprived of the paper, ink or toner, loss of performance of their fax machine components.

71. Accordingly, Plaintiff and the other Class members suffered damages as a result of receipt of the unsolicited faxes.

## VII. JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of all claims in this Complaint so triable.

## VIII. REQUEST FOR RELIEF

WHEREFORE, Plaintiff Northwest Home Care, Inc., individually and on behalf of the Class, requests that the Court enter an Order as follows:

A. Certifying the Class as defined above, appointing Plaintiff Northwest Home Care, Inc. as the representative of the Class, and appointing its counsel as Class Counsel;

B. Awarding actual or statutory damages;

C. Enjoining Data Soft from sending unsolicited facsimile advertisements and facsimile advertisements with deficient opt-out notices;

D. Awarding of reasonable attorneys' fees and costs; and

E. Awarding such other and further relief that the Court deems reasonable and just.

-14-

Dated: October 23, 2015                                   Respectfully submitted,

                                                          NORTHWEST HOME CARE, INC., individually and on behalf of all others similarly situated

                                                          By: *s/ Joseph J. Siprut*

                                                          Joseph J. Siprut
                                                          *jsiprut@siprut.com*
                                                          Ismael T. Salam
                                                          *isalam@siprut.com*
                                                          **SIPRUT PC**
                                                          17 North State Street
                                                          Suite 1600
                                                          Chicago, Illinois 60602
                                                          Phone: 312.236.0000
                                                          Fax: 312.241.1260

                                                          *Counsel for Plaintiff*
                                                          *and the Proposed Putative Class*

4826-1542-0713, v. 1